**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GYANA BASSE, f/k/a GYANA CHOI,

    Plaintiff,

vs.                                            16-cv-01091

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

    COMES NOW, Defendant GEICO General Insurance Company, (GEICO) by and through its undersigned attorneys, Simone, Roberts & Weiss, P.A., by Stephen M. Simone and hereby files its Notice of Removal and in support thereof state the following:

    1. Plaintiff commenced this lawsuit against GEICO by filing her Complaint as Gyana Basse, f/k/a Gyana Choi vs. GEICO General Insurance Company, in the First Judicial District Court, County of Santa Fe, State of New Mexico, cause No. D-101-CV-2016-02085.

    2. Plaintiff's lawsuit is a civil action which alleges, inter alia, that GEICO committed bad faith, breached of contract, insurance bad faith, intentional infliction of emotional distress, violations of the New Mexico Unfair Insurance Practices Act and the New Mexico Unfair Trade Practices Act, negligence and breach of fiduciary duty, treble damages, punitive damages and statutory attorney's fees, all arising out of a motor vehicle collision which occurred on or about May 1, 2013, in Santa Fe County, New Mexico.

    3. A true and correct copy of all process, pleadings, and orders served upon GEICO relating to this matter are attached hereto as Exhibit A as provided by 28 U.S.C. § 1446(a).

4. On or about September 8, 2016, Plaintiff served GEICO with a copy of the Summons and Complaint, through the Department of Insurance. A copy of the letter from the Superintendent of Insurance to GEICO is attached as part of Exhibit A. Aside from the material in Exhibit A, GEICO is not aware of any other process, pleadings, or orders served upon GEICO in this action.

5. GEICO files this Notice of Removal within thirty (30) days of GEICO's receipt of Plaintiff's Complaint and it is therefore timely under 28 U.S.C. § 1446(b).

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the District of New Mexico embracing the place where the state court action is pending.

7. This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8. At the time the Complaint was filed on August 29, 2016, Plaintiff resided and continue to reside in Santa Fe County, State of New Mexico. Plaintiff, thus, was and continues to be a citizen of the State of New Mexico.

9. At the time the Complaint was filed on August 29, 2016, and served on Defendant GEICO on September 8, 2016, Defendant GEICO was and continues to be a corporation organized and existing under the laws of the State of Maryland. GEICO's principal place of business was and continues to be the State of Maryland. A corporation is a citizen of the state where it is incorporated and "where it has its principal place of business." 28 U.S.C. § 13 32(c)(1). GEICO, thus, was and continues to be a citizen of the State of Maryland.

10. Based on the foregoing, there is diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a).

11. A District Court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs…." 28 U.S.C. § 1332(a).

12. The Plaintiff's Complaint alleges damages, but does not allege a specific amount of damages. Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant may determine the jurisdictional amount by the allegations in the underlying complaint. *Id.* at 955; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

13. A calculation of the amount in controversy includes both compensatory and punitive damages. *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir. 1994) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). This calculation may include a reasonable estimate of attorney's fees, as long as a statute permits recovery of such. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3712 (3d ed. 2009). The calculation also includes treble damage claims. *See Dairyland*, 143 F.3d at 1340.

14. Plaintiff has expressed in her Complaint that she is entitled to damages greater than $75,000, exclusive of interest and costs. Specifically, Plaintiff claims compensatory and punitive damages in addition to attorney's fees, pursuant to the Unfair Claims Practices Act and the Unfair Trade Practices Act.

15. Based on the foregoing, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a), and, accordingly, meets this Court's jurisdictional requirement.

## CONCLUSION

16. This state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Mexico; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to Plaintiff's counsel, and a Notice of Filing for Removal has been filed with the First Judicial District Court, attached hereto as Exhibit B.

WHEREFORE, Defendant GEICO gives notice that this case is removed from the First Judicial District Court, County of Santa Fe, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.

"Electronically Filed"

/s/ Stephen M. Simone
Stephen M. Simone
Attorney for GEICO in the underinsured motorist claim
1700 Louisiana Blvd., N.E., Suite 240
Albuquerque, NM 87110
Work Phone:  (505) 298-9400
Fax:  (505) 298-7070
Email:  ssimone@srw-law.com

and

/s/ Donna L. Chapman
Donna L. Chapman
Jessica Singer

                                                    Chapman and Charlebois PC  
                                                    PO Box 92438  
                                                    Albuquerque, NM 87199-2438  
                                                    Email  donna@cclawnm.com  
                                                    Email  jessica@cclawnm.com  
                                                    Phone:  (505) 242-6000

I HEREBY CERTIFY that on the ___4th___ day of ___October___, 2016, a true and correct copy of the foregoing pleading was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Merit Bennett  
The Bennett Law Group LLC  
460 Saint Michaels Dr Ste 703  
Santa Fe, NM 87505-7646  
Email mb@thebennettlawgroup.com  
Work Phone    (505) 983-9834  
Fax      (505) 983-9836

/s/ Stephen M. Simone  
Stephen M. Simone