FILED IN MY OFFICE
DISTRICT COURT CLERK
8/29/2016 12:31:59 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

| SUMMONS | |
|---|---|
| **FIRST JUDICIAL DISTRICT COURT SANTA FE COUNTY, NEW MEXICO** <br> Court Address: <br> Post Office Box 2268 / 225 Montezuma Avenue <br> Santa Fe, New Mexico 87504 / 87501 <br> Court Telephone No.: 505-455-8250 | Case Number: ~~D-101-CV-2016-~~ <br> D-101-CV-2016-02085 <br><br> Assigned Judge: Mathew, Francis J. |
| **GYANA BASSE, f.k.a. GYANA CHOI,** <br> Plaintiff, <br> vs. <br> **GEICO GENERAL INSURANCE COMPANY,** <br> Defendants. | Defendant: <br> GEICO GENERAL INSURANCE COMPANY <br> c/o Office of Superintendent of Insurance <br> P.O. Box 1689 <br> Santa Fe, New Mexico 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ___Santa Fe___, New Mexico, this 29th day of ___August___, 2016.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _[signature]_
Deputy

/s/ Merit Bennett
Merit Bennett, Attorney for Plaintiff
460 St. Michael's Drive, Suite 703,
Santa Fe, New Mexico 87505
Telephone: (505) 983-9834; Fax: (505) 983-9836
Email Address: mb@thebennettlawgroup.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RECEIVED
SEP 07 2016
Office of Superintendent of Insurance


EXHIBIT A

# RETURN[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____ , (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ ²

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/29/2016 12:31:59 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

GYANA BASSE, f.k.a. GYANA CHOI,

    Plaintiff,

against                               **Case No.:**  D-101-CV-2016-02085
                                         Case assigned to Mathew, Francis J.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR BAD FAITH BREACH OF CONTRACT, INSURANCE BAD FAITH, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND THE NEW MEXICO UNFAIR TRADE PRACTICES ACT, NEGLIGENCE AND BREACH OF FIDUCIARY DUTY, TREBLE DAMAGES, PUNITIVE DAMAGES AND STATUTORY ATTORNEY'S FEES

**COMES NOW** Plaintiff Gyana Basse, by and through her counsel, Merit Bennett of The Bennett Law Group, and for her Complaint against Defendants, state as follows:

1.      Plaintiff Gyana Basse, formerly known as "Gyana Choi" (hereinafter "Ms. Basse"), is a resident of Santa Fe County, New Mexico.

2.      Defendant GEICO General Insurance Company (hereinafter "GEICO") is a corporation believed to be authorized to do and doing business in New Mexico. Said Defendant is also the insurer of Ms. Basse for the subject incident set forth hereinbelow. A copy of the Declarations Page of the subject policy is attached hereto and incorporated herein as **Exhibit A**.

3.      On or about May 1, 2013, in Santa Fe County, New Mexico, Ms. Basse was injured in a motor vehicle collision. The collision caused Ms. Basse to suffer bodily injury, pain and suffering, permanent physical and psychological impairment, emotional distress, loss of income, loss of enjoyment of life and other actual, consequential past and future damages (hereinafter collectively

the "damages"). Ms. Basse settled with the tortfeasor's insurance carrier for the applicable policy liability limits, and GEICO sanctioned the settlement.

4. Ms. Basse then made demand upon GEICO for payment of her applicable coverage, yet GEICO refused to promptly and reasonably settle Ms. Basse' claim and, in fact, denied Ms. Basse a good faith, legitimate response to her valid underinsured motorist claim, thereby breaching its contract with her in bad faith, breaching its statutory and common law duties to her and causing her to suffer consequential harm, including severe and extreme emotional distress.

5. GEICO's refusal to promptly and fully honor its contractual obligations to Ms. Basse was also unreasonable and in bad faith and in breach of the covenant of good faith and fair dealing implied in the subject policy of insurance and is also in violation of New Mexico public policy and statutory and case law providing for redress against insurance companies for refusing in bad faith to settle their insureds' underinsured motorist coverage claims reasonably and in good faith. See the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20, GEICO is therefore now liable to Ms. Basse for payment of the limits of her underinsured motorist coverage, as well as for compensation for her other consequential damages, and for statutory attorney's fees and additional punitive damages for GEICO's bad faith refusal to promptly and reasonably settle her underinsured motorist claim, forcing her to engage in stressful litigation.

6. GEICO's refusal to promptly and reasonably settle Ms. Basse's underinsured motorist claims in good faith, forcing Ms. Basse to commence litigation to enforce her policy benefits, is also in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq.*, and in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978,

Section 59A-16-20, and, in addition, constitutes outrageous misconduct, causing Ms. Basse to suffer severe and extreme emotional distress.

7. In addition to recovery of the applicable limits of the policy's coverage, treble damages pursuant to the New Mexico Unfair Trade Practices Act, damages for emotional distress and punitive damages, Ms. Basse is entitled to recover from GEICO her attorney's fees, expenses and costs incurred in the pursuit of this litigation.

8. By refusing to promptly and reasonably resolve Ms. Basse' underinsured motorist claim, GEICO, by and through its claims adjusters and/or other agents or representatives, intended to act and/or acted or failed to act in reckless disregard for the consequences of its acts and omissions, which acts and/or failures to act caused Ms. Basse to suffer outrageous, severe and extreme emotional distress because she was and still is being denied her contractual coverage benefits which were specifically agreed by GEICO to be available to fairly compensate her for her physical and psychological injuries, permanent impairment, financial loss and/or emotional suffering, illegally forcing her to institute costly, lengthy and stressful litigation to obtain her insurance policy entitlement.

## COUNT I
## BAD FAITH BREACH OF CONTRACT

9. Ms. Basse incorporates paragraphs 1-8 above by reference thereto.

10. GEICO breached the terms of the policy by failing to promptly and reasonably resolve and pay Ms. Basse's underinsured motorist claim, despite her full payment of all of the premiums due for such policy coverage.

11. GEICO's breach of such contract was accomplished in bad faith and/or with reckless disregard for Ms. Basse's rights and feelings, entitling her to recover from GEICO, in addition to

payment of the underinsured motorist coverage policy limits and consequential damages, an award of punitive damages.

**WHEREFORE**, on Count I, Ms. Basse prays for judgment against GEICO for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT II
### INSURANCE BAD FAITH

12. Ms. Basse incorporates paragraphs 1-11 above by reference thereto.

13. New Mexico law requires insurance companies to deal with their insureds in good faith and to promptly and reasonably resolve their valid insurance claims, owing their insureds a fiduciary duty to do so.

14. GEICO breached such fiduciary duty to Ms. Basse in violation of New Mexico law by perpetrating its misconduct set forth herein, and Ms. Basse is therefore entitled to all allowable damages, to include, but not limited to, payment of her underinsured motorist coverage policy limits, her other consequential damages and an additional amount for punitive damages.

**WHEREFORE**, on Count II, Ms. Basse prays for judgment against Defendant for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (OUTRAGEOUS MISCONDUCT)

15. Ms. Basse incorporates paragraphs 1-14 above by reference thereto.

16. GEICO deliberately and/or maliciously intended, and/or acted in reckless disregard for, the consequences of its acts and/or omissions set forth herein, which caused Ms. Basse to suffer severe and extreme emotional distress, forcing her to institute costly, lengthy and stressful litigation to obtain her insurance policy entitlement. Such misconduct is also in violation of New Mexico public policy.

17. GEICO is therefore liable to Ms. Basse for all damages relating to her emotional pain and suffering caused by GEICO's deliberate and/or malicious intent and/or reckless disregard, including punitive damages in an amount to be determined by the jury.

**WHEREFORE**, on Count III, Ms. Basse prays for judgment against GEICO, jointly and/or severally, for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

### COUNT IV
### VIOLATIONS OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND THE NEW MEXICO UNFAIR TRADE PRACTICES ACT

18. Ms. Basse incorporates paragraphs 1-17 above by reference thereto.

19. GEICO's misconduct as described herein is in violation of the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-1, *et seq.*, as well as in violation of the provisions of the New Mexico Unfair Insurance Practices Act, NMSA 1978, Section 59A-16-20. In addition to recovery of the available limits of underinsured motorist coverage, Ms. Basse is entitled to recover from GEICO treble damages (pursuant to the New Mexico Unfair Trade Practices Act), punitive damages and her attorney's fees, expenses and costs incurred in the pursuit of this litigation.

In addition, GEICO's aforesaid misconduct violates New Mexico public policy as expressed by these statutes.

**WHEREFORE**, on Count IV, Ms. Basse prays for judgment against GEICO for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages, and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

## COUNT V
### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AND BREACH OF FIDUCIARY DUTY

20. Ms. Basse incorporates paragraphs 1-19 above by reference thereto.

21. At all times relevant herein, GEICO, as Ms. Basse' insurer, owed Ms. Basse a fiduciary duty and a duty of due care to hire, train, supervise and retain only those of its employees who would analyze, evaluate and treat Ms. Basse, her injuries and her underinsured motorist claim fairly and with due consideration, resolving any doubts in favor of GEICO's insured.

22. GEICO has negligently breached one or more of such duties (of due care and of fiduciary responsibility) owed to Ms. Basse, which breaches of duty have proximately caused her to suffer harm, including actual and consequential damages resulting from the improper assessment and valuation of her underinsured motorist claim and including damages for Ms. Basse' severe and extreme emotional distress.

23. Such breaches of duties were accomplished by GEICO negligently, recklessly and/or with malice or bad faith, entitling Ms. Basse to recover from GEICO, in addition to the limits of her underinsured motorist coverage, an additional amount for punitive damages.

**WHEREFORE**, Ms. Basse prays for judgment on Count V against GEICO for her actual and consequential damages, for treble damages and statutory attorneys' fees, for punitive damages,

and for witness fees, costs and pre-judgment and post-judgment interest, and for such other and further relief as the Court shall deem to be proper under these circumstances.

Respectfully submitted,

By: /s/ Merit Bennett
Merit Bennett, Esq.
460 St. Michael's Drive, Suite 703
Santa Fe, New Mexico 87505
Telephone: (505) 983-9834
*Attorney for Plaintiff*

Tel: 1-800-841-3000

GEICO GENERAL INSURANCE COMPANY
P.O. Box 509090
San Diego, CA 92150-9090

Date Issued: January 13, 2013

GYANA CHOI AND RALF P MOLLER
54 A JACINTO RD
SANTA FE NM  87508

Email Address: gyanachoi@yahoo.com

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 4277-16-97-87**
**Coverage Period:**
02-16-13 through 08-16-13
12:01 a.m. local time at the address of the named insured.

| Named Insured | Additional Drivers |
|---|---|
| Gyana Choi | None |
| Ralf P Moller | |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1  2003  Toyota  Camry | 4T1BF32KX3U043809 | Santa Fe NM 87508 | |



| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability | | |
|   Each Person/Each Occurrence | $250,000/$500,000 | $124.30 |
| Property Damage Liability | $100,000 | $66.90 |
| Medical Payments | $10,000 | $61.70 |
| Uninsured Motorists Bodily Injury | | |
|   Each Person/Each Occurrence | $250,000/$500,000 | $168.70 |
| Uninsured Motorist Property Damage | $100,000 | $0.00 |
| Comprehensive | $250 Ded | $53.00 |
| Collision | $250 Ded | $105.00 |
| Emergency Road Service | Full | $11.30 |
| Rental Reimbursement | $30 Per Day | $14.00 |
| | $900 Max | |
| **Total Six Month Premium** | | **$604.90** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

**Complaint | Exhibit A**

Discounts

| | |
|---|---|
| The total value of your discounts is | $113.40 |
| Seatbelt (All Vehicles) | $10.90 |
| Anti-Lock Brakes (All Vehicles) | $5.50 |
| 5 Year Good Driving (All Vehicles) | $55.90 |
| Passive Restraint/Air Bag (All Vehicles) | $41.10 |

Contract Type: A30NM
Contract Amendments: ALL VEHICLES - A30NM A54NM

Unit Endorsements:    A115 (VEH 1); A431 (VEH 1)

---

### Important Policy Information

-Please review the front and/or back of this page for your coverage and discount information.

-Active Duty, Guard, Reserve or Retired Military: Call 1-800-MILITARY to see if you qualify for the Military Discount.

-No coverage is provided in Mexico.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-You have the right to receive a detailed written explanation of the reasons for any change to your renewal policy premium.

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT


GYANA BASSE, f.k.a. GYANA CHOI,

    Plaintiff,

against                                   Case No.: D-101-CV-2016-02085

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY

TO:    Defendant Government Employees Insurance Company

Plaintiff Gyana Basse, by and through her counsel, Merit Bennett of The Bennett Law Group, LLC, pursuant to Rule 33 of the New Mexico Rules of Civil Procedure, submits the interrogatories below for answer by the Defendant Government Employees Insurance Company by no later than forty-five (45) days after service hereof:

**INTERROGATORY NO. 1:** Provide the name, job title and business and personal addresses, of each and every employee or Defendant insurer or of any subcontractor of Defendant insurer who participated in any manner in the processing of Plaintiff's claim. For each such person, also provide the name(s) of his or her direct supervisor(s) during the pendency of the processing of Plaintiff's claim.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify, by name, job title, business and personal addresses, each and every employee of Defendant insurer who has possessed or now possesses the final decision-making authority regarding the evaluation and/or settlement of Plaintiff's claim.

**RESPONSE:**

**INTERROGATORY NO. 3:** For each such individual identified in your response to Interrogatories No. 1 and No. 2 above, provide a detailed description of the exact nature and extent of his or her participation in the processing of Plaintiff's claim, to include, but not limited to, the following: (a) the date and content of each document (including any email, note or memo) authored, in whole or in part, by him or her; (b) the substance of any decision made by him or her with regard to the processing of Plaintiff's claim; (c) the identity of each and every individual with whom he or she communicated regarding Plaintiff's claim; (d) the date, media and substance of each such communication; and (e) a description of the intended consequence or outcome of each such communication.

**RESPONSE:**

**INTERROGATORY NO. 4:** Describe in detail all facts supporting Defendant insurer's valuation of Plaintiff's claim and how the dollar amount of said valuation was determined. If any fact or reason provided in your answer was derived from or based upon a document, communication, record, reference or other resource, identify in detail each such document, communication, record, reference or other resource and describe how each was utilized to determine the value of Plaintiff's claim.

2

**RESPONSE:**

Dated: September 7, 2016.

                                                    THE BENNETT LAW GROUP LLC

                                                    */s/ Merit Bennett*

                                                    Merit Bennett, Esq.
                                                    460 Saint Michael's Drive, Suite 703
                                                    Santa Fe, New Mexico  87505
                                                    (505) 983-9834
                                                    *Attorney for Plaintiff*

**STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT**

**GYANA BASSE, f.k.a. GYANA CHOI,**

    **Plaintiff,**

**against**                                              **Case No.: D-101-CV-2016-02085**

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
GOVERNMENT EMPLOYEES INSURANCE COMPANY**

TO:    Defendant Government Employees Insurance Company

Plaintiff Gyana Basse, by and through her counsel, Merit Bennett of The Bennett Law Group, LLC, pursuant to Rule 34 of the New Mexico Rules of Civil Procedure, submits the requests for production below for response by the Defendant Government Employees Insurance Company by no later than forty-five (45) days after service hereof:

**REQUEST NO. 1:** Produce a complete copy of the entire applicable insurance file (or files, if more than one policy applies) which provides coverage for the subject collision. This request includes, but is not limited to, any tangible paper documents, or electronic or digital data relating to the subject collision and any and all adjuster's notes, text files (including cellular phone text messages and word processing documents), spreadsheets, email files and information concerning email (including logs of email history and usage, header information and deleted files), internet history files, preferences, graphical image format (gif, jpg or pdf) files, databases, calendar and scheduling information, computer system activity logs and all file formats and backup files.

**RESPONSE:**

Dated: September 7, 2016.

                THE BENNETT LAW GROUP LLC

                */s/ Merit Bennett*

                Merit Bennett, Esq.
                460 Saint Michael's Drive, Suite 703
                Santa Fe, New Mexico 87505
                (505) 983-9834
                *Attorney for Plaintiff*